**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3258-16T2

VINCENZO TERSIGNI,

    Plaintiff-Appellant,

v.

MICHELE LAPINE-TERSIGNI,

    Defendant-Respondent.

_____

          Submitted November 5, 2018 – Decided November 21, 2018

          Before Judges Messano and Fasciale.

          On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FM-07-1330-10.

          Vincenzo Tersigni, appellant pro se.

          Tabitha Y. Clark, attorney for respondent.

PER CURIAM

    In this post-judgment matrimonial matter, plaintiff Vincenzo Tersigni appeals from a November 30, 2016 order, and a March 3, 2017 order denying

reconsideration. The orders generally address the parties' ongoing disputes as to custody/parenting time, child-care expenses, alimony, and child-support obligations. Judge Nancy Sivilli, who was thoroughly familiar with the ongoing litigation between the parties since their divorce – entered the orders and rendered a written statement of reasons. We affirm.

The parties married each other in 2003, had one child in 2007, and got divorced in 2011. In 2014, the judge granted defendant's request to relocate with the child to Pennsylvania. Plaintiff had appealed from an order permitting the relocation. We deferred to the judge's findings, concluded she applied the correct law, and affirmed the relocation. Tersigni v. Lapine-Tersigni, No. A-0302-14 (App. Div. Nov. 25, 2015). Thereafter, defendant filed a motion to relinquish jurisdiction over custody to Pennsylvania. Plaintiff then cross-moved to modify custody and support obligations. These motions led to the issuance of the orders under review.

On appeal, plaintiff argues that the judge abused her discretion by transferring jurisdiction over custody/parenting time to Pennsylvania; ordering him to pay child-care costs; depriving him of discovery (which he says would have extinguished his alimony obligation); not following the Property

2

Settlement Agreement (PSA); and requiring only him to produce a Case Information Statement (CIS).

A familiar standard of review governs our review. We owe substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters. Cesare v. Cesare, 154 N.J. 394, 413 (1998). Thus, "[a] reviewing court should uphold the factual findings undergirding the trial court's decision if they are supported by adequate, substantial and credible evidence on the record." MacKinnon v. MacKinnon, 191 N.J. 240, 253-54 (2007) (alteration in original) (quoting N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007)). And, while we owe no special deference to the judge's legal conclusions, Manalapan Realty v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995), we

> "should not disturb the factual findings and legal conclusions of the trial judge unless . . . convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice" or when we determine the court has palpably abused its discretion.
>
> [Parish v. Parish, 412 N.J. Super. 39, 47 (App. Div. 2010) (alteration in original) (quoting Cesare, 154 N.J. at 412).]

In ordering relinquishment of jurisdiction over custody and parenting time to Pennsylvania, the judge correctly applied the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), N.J.S.A. 2A:34-28 to -95. In pertinent part, N.J.S.A. 2A:34-66 provides:

> a. Except as otherwise provided in section 16 . . . of this act, or section 1 of P.L.2013, c.7 (C.9:2-12.1) concerning a service member's absence due to a deployment or service-related treatment as set forth in that section, a court of this State that has made a child custody determination consistent with section 13 or 15 . . . of this act has exclusive, continuing jurisdiction over the determination until:
>
> (1) a court of this State determines that neither the child, the child and one parent, nor the child and a person acting as a parent have a significant connection with this State and that substantial evidence is no longer available in this State concerning the child's care, protection, training, and personal relationships; . . . .

The judge found that New Jersey had exclusive jurisdiction at the time of the divorce because the parties and the child lived in this State. But then she analyzed the facts by applying the UCCJEA.

> Since the time of the divorce, circumstances have changed because [d]efendant and the child moved out of New Jersey in August 2014[,] and now live in Pennsylvania. The child has now been a resident of Pennsylvania for the last [two and one-half] years and[,] as such, Pennsylvania is the "home state" of the child. Moreover, evidence as to the child's care, education, [and] well-being is in Pennsylvania since the

4

child attends school in Pennsylvania and [the] child's doctors . . . are in Pennsylvania. Pennsylvania is, therefore, the appropriate venue for custody and parenting time issues. For all of those reasons, the court is declining jurisdiction on custody and parenting time issues in favor of the child's home state, Pennsylvania.

Adequate, substantial and credible evidence on the record support the judge's findings of fact and conclusions of law.

As to alimony, the orders under review are interlocutory because the judge required additional information before she rendered a final order on the subject. Paragraph three of the March 3, 2017 order states:

> Paragraph [twelve] of the November 30, 2016 [o]rder is hereby modified to provide that [d]efendant shall provide documented proof of her income up to the termination date of alimony – September 30, 2013. Defendant shall provide same to the court and [p]laintiff on or before March 17, 2017. Since alimony ended in 2013[,] the parties do not have to produce their tax returns for 2014 and 2015 for the purposes of addressing the issue of alimony.

Plaintiff did not file a motion for leave to appeal from this part of the order. We therefore decline to address the alimony issue.

Finally, on the subject of plaintiff's child-support obligations, in January 2016, the judge ordered plaintiff to produce his financial records for his business, as well as an updated CIS, but he failed to do so. The judge concluded that plaintiff had not demonstrated a substantial change in circumstances since

5

2012. As the judge indicated in paragraph six of the March 3, 2017 order, "[c]opies of a 2016 and 2017 [CIS] with no financial documents attached or provided is not sufficient proof."

We conclude that plaintiff's remaining arguments – to the extent that we have not addressed them – lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(e). We briefly add, as to plaintiff's child-care obligations, that the judge required him to pay his seventy-percent share under the terms of the Judgment of Divorce.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3258-16T2